Filed 5/5/26  In re V.M. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| In re V.M., et al., Persons Coming Under the Juvenile Court Law. | B346099 |
| _____ | (Los Angeles County Super. Ct. No. 25CCJP00730) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
|     Plaintiff and Respondent, | |
|     v. | |
| C.R., | |
|     Defendant and Appellant. | |

Appeal from orders of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Dismissed.

Carolyn Pichotta, under appointment by the Court of Appeal, for Defendant and Appellant C.R.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Courtney Fisher, Deputy County Counsel, for Plaintiff and Respondent Los Angeles County Department of Children and Family Services.

_____

We decide this appeal by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) For the reasons set forth below, we dismiss the appeal as moot.

Appellant C.R. (Mother) and Y.M. (Father) share two children: V.M. (age 5) and E.M. (age 2). In addition, Father has a daughter, D.M. (age 10), from another relationship. Prior to the dependency proceedings giving rise to this appeal, V.M., E.M., and D.M. all resided with Mother and Father.

In March 2025, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging that D.M. had suffered physical abuse. The caller reported that D.M. had purple and blue bruises on her arm, as well as marks that looked like scratches. The caller further reported that D.M. said she "did not eat the other day" because Mother had "told her to make her own food."

DCFS and law enforcement visited the family's home to investigate the referral. Father initially denied that he had harmed D.M. intentionally, but later admitted he struck D.M. with an extension cord because she had urinated in her bed. He insisted that "he only hit her once" and that "this was an isolated incident." A physical examination of D.M. by law enforcement revealed that, in addition to the bruises on her arm, she had a bruise above her right breast and a large bruise on her upper right thigh that appeared to be "from a solid object." In the social worker's view, "[t]he amount of bruising found on [D.M.] indicated the [description of the] event reported" by Father was "inaccurate." Mother said she was unaware of the bruising on D.M.'s body. She explained, "I don't check her. I don't touch her because I don't want her to say that I touch her."

2

DCFS filed a Welfare and Institutions Code[1] section 300 petition on behalf of V.M. and E.M. alleging that Father's physical abuse of D.M. placed the other children at risk of serious harm (§ 300, subds. (a) & (b)).[2]  The petition further alleged that Mother knew or should have known of Father's abuse of D.M., and that Mother failed to protect the children by allowing Father to continue to reside in the home and have unlimited access to the children (*id.*, subds. (b) & (j)).

At the May 7, 2025 adjudication and disposition hearing, the juvenile court sustained the allegations against both Mother and Father and assumed dependency jurisdiction over V.M. and E.M. Mother then "submitt[ed] on the disposition," and the court ordered the children placed in Mother's home with family maintenance services.  Mother timely appealed the jurisdictional findings and dispositional orders.  Father did not appeal.  Six months later— while Mother's appeal was pending—the juvenile court terminated dependency jurisdiction over V.M. and E.M. without a juvenile custody order and released both children to Mother and Father.[3]

Mother now asks us to reverse the jurisdictional findings against her.  ~(AOB 35)~  We, however, conclude that Mother's appeal is moot because we cannot provide her with any effective relief.  (*In re N.S.* (2016) 245 Cal.App.4th 53, 60 (*N.S.*) ["the critical factor in considering whether a dependency appeal is moot is

---

[1] Further statutory references are to the Welfare and Institutions Code.

[2] DCFS also filed a petition on behalf of D.M.  (See *DCFS v. Y.V.* (Apr. 1, 2026, B347131) [nonpub. opn.].)  Because D.M. is not a subject of this appeal, we do not further address her petition.

[3] We granted Mother's request that we take judicial notice of the November 13, 2025 minute order terminating dependency jurisdiction.

3

whether the appellate court can provide any effective relief if it finds reversible error"].) Mother concedes the unchallenged jurisdictional findings against Father and the termination of dependency jurisdiction under the facts here generally support a mootness finding. (See *In re D.P.* (2023) 14 Cal.5th 266, 283 (*D.P.*) ["where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot"]; *In re S.G.* (2021) 71 Cal.App.5th 654, 664-665 ["given the unique nature of juvenile court jurisdiction, termination thereof will often prevent the reviewing court from granting effective relief"].) And Mother's argument that the jurisdictional findings have the "potential" to be "prejudicial . . . [and] impact future dependency proceedings" is too speculative to demonstrate "a legal or practical consequence" that might save her appeal from a mootness challenge. (*D.P.*, *supra*, at p. 278 [disapproving a prior appellate decision "to the extent it held . . . that speculative future harm is sufficient to avoid mootness"].)

Mother urges us to exercise our discretion to reach the merits of her appeal even if it is moot. We decline to do so.

This appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, a likelihood of recurrence of the controversy between the parties, or a material question that remains for the court's determination. (*D.P., supra,* 14 Cal.5th at p. 282.)

Nor are we persuaded that the additional factors our high court identified in *D.P.* as weighing in favor of discretionary review support such review here. The sustained allegations against Mother are not "particularly pernicious or stigmatizing," and they are unlikely to cause prejudicial impact in any future dependency proceedings. (*D.P., supra,* 14 Cal.5th at pp. 285–286.) Mother is

4

correct that the reasons for mootness here—which include Mother's prompt compliance with her case plan resulting in the termination of dependency jurisdiction—weigh in favor of review.  (*Id.* at p. 286.) But "no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal."  (*Ibid.*) Rather, "in deciding whether to exercise its discretion, a court should be guided by the overarching goals of the dependency system:  'to provide maximum safety and protection for the children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.' " (*Ibid.*)  And here, given the other factors counseling against review, we are not persuaded that discretionary review serves these overarching goals.

Accordingly, we dismiss Mother's appeal as moot.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.



ROTHSCHILD, P. J.

We concur:



WEINGART, J.



M. KIM, J.


5